UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMUEL FELBERBAUM, *individually and on behalf of all others similarly situated*,<br>Plaintiff,<br><br>v.<br><br>THE CBE GROUP, INC.,<br><br>Defendant. | Civil Action No: 7:23-cv-10775<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Samuel Felberbaum ("Plaintiff") brings this Class Action Complaint by and through his attorneys against Defendant The CBE Group, Inc., ("Defendant"), individually and on behalf of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." *Id*. at §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using

1

abusive debt collection practices are not competitively disadvantaged." *Id.* at § 1692(e). After determining that the existing consumer protection laws were inadequate, *see id*. at § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action pursuant to § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland.

8. Plaintiff is a "person" as the term is used in 15 U.S.C. § 1692d.

9. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA, located at 1309 Technology Parkway, Cedar Falls, IA, 50613.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. All individuals with addresses in the State of New York;

   b. Who received a collection communication from the Defendant that state a balance for an alleged debt;

   c. That did not disclose that interest and or fees was accumulating on the balance; and

   d. which communications were sent on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

13. The identities of all Class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14. Excluded from the class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Class, which common questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers, similar in form to that attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in this litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers after creating a payment plan, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

   c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this

matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

    e.    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Sometime prior to January 25, 2023, an alleged debt was due and owing to Verizon Wireless ("Verizon").

22. The alleged debt was incurred solely for personal, household or family purposes.

23. The subject obligations are consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

24. Upon information and belief, Verizon contracted with Defendant for the purpose of collecting this debt.

25. On January 25, 2023, Defendant mailed an initial collection communication to the Plaintiff to collect on the Verizon debt. A true and accurate copy of this letter is attached as Exhibit A, hereinafter, "Letter."

26. The Letter was collecting a debt with an account number ending with 0001 and a balance of $141.88. *See* Exhibit A.

27. After receiving the Letter, Plaintiff called the Defendant to learn more about this Verizon debt.

28. During the phone call, an employee of Defendant informed Plaintiff that the total amount due is now $151.79.

29. The Letter did not contain any statements regarding any additional fees or interest that are accumulating on the balance.

30. Pursuant to the FDCPA at 15 U.S.C. § 1692g(a)(1), a debt collector must disclose the amount of the debt within five days after the initial communication with a consumer.

31. However, in violation of 15 U.S.C. § 1692g, Defendant did not provide the amount of the debt because the Letter failed to mention that the balance would increase.

32. Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

33. Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it uses "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

34. Continuing to add fees and interest to a balance without disclosing that information in a collection communication is a misrepresentation of the character, amount, and legal status of the debt.

35. Furthermore, the Defendant included a breakdown of the amount of the debt which did not include any fees and or interest.

36. Accordingly, Defendant violated 15 U.S.C. § 1692e when it made misrepresentations regarding the character, amount, and legal status of the Verizon debt by failing to disclose that the balance may increase because of fees and interest.

37. Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant acted unfairly and unconscionably by charging fees and interest on the underlying debt without informing the Plaintiff in a collection communication.

39. In the alternative the Defendant acted unfairly and unconscionably by charging fees and interest when it was not entitled to do so.

40. Thus, Defendant violated multiple provisions of the FDCPA.

41. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

42. The harms caused by Defendant have a close relationship with various harms traditionally recognized as providing a basis for lawsuit in American courts.

43. As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent infliction of emotional distress, invasion of privacy, and nuisance.

44. For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

45. Defendant's conduct demonstrated a reckless disregard for causing Plaintiff to suffer from emotional stress.

46. Defendant's violations were knowing, willful, negligent, and/or intentional, and Defendant did not maintain policies and procedures reasonably adapted to avoid any such violations.

47. Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

48. Defendant's conduct with respect to its collection efforts were material in that the same affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

49. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

50. When faced with paying a static debt or one that is increasing a consumer will always choose to commit resources to the increasing debt.

51. The funds Plaintiff could have used to pay some or all of the alleged debts were spent elsewhere.

52. Defendant's communications further caused distress, embarrassment, humiliation, disruption, and other damages and consequences.

53. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be harassed or treated unfairly in connection with the collection of a debt.

54. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with a legally protected right to not suffer an invasion of privacy in connection with the collection of a debt.

55. In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

56. In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

57. Based on Defendant's failure to comply with the FDCPA, Plaintiff expended time, money, and resources to determine how to respond to Defendant's debt collection activities.

58. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e *et seq.***

59. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

60. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

61. Pursuant to 15 U.S.C. § 1692e: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

62. Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

63. Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it uses "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

64. The Letter misrepresents the character, amount, and legal status of the Verizon debt because the Letter failed to include that the balance may be increased because of fees and interest.

65. Thus, Defendant violated 15 U.S.C. § 1692e:

   a. By deceptively misrepresenting the character, amount, and legal status of the underlying debt by not disclosing that the balance can increase because of fees and interest; and

   b. By failing to maintain policies and procedures that were reasonably calculated to prevent misrepresentations being made in collection communications.

66. By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that Defendant's conduct violated 15 U.S.C. § 1692e *et seq.* of the FDCPA, and includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692f *et seq.***

67. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

68. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

69. Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

70. The Letter attempts to collect a debt unfairly and unconsciably because the balance disclosed in the Letter was subject to fees and interest that the Plaintiff was not made aware of.

71. Thus, Defendant violated 15 U.S.C. § 1692f:

   a. By unfairly and unconscionably collecting a debt and raising the amount owed without informing the Plaintiff; and

   b. By failing to maintain policies and procedures that were reasonably calculated to prevent unfair collection communications to be sent to consumers.

72. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated 15 U.S.C. § 1692f *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692g *et seq.***

73. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

74. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

75. Pursuant to 15 U.S.C. § 1692g(a), a debt collector must disclose the balance of the alleged debt within five days of sending an initial collection communication.

76. By failing to mention that the balance is subject to fees or interest, Defendant failed to disclose the amount owed on the debt.

77. Thus, Defendant violated 15 U.S.C. § 1692g:

   a. By failing to disclose that the amount may increase in its initial collection communication; and

   b. By failing to maintain policies and procedures that were reasonably calculated to provide accurate balance information regarding the underlying debt.

78. By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that Defendant's conduct violated 15 U.S.C. § 1692g *et seq.* of the FDCPA, and includes actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

79. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Samuel Felberbaum, individually and on behalf of all other similarly situated, demands judgment from the Defendant as follows:

1. Declaring that this action is properly maintained as a Class Action and certifying the Plaintiff as Class Representative, and the undersigned Attorneys as Class Counsel;

2. Awarding the Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. Awarding the Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4. Awarding the Plaintiff costs for this Action, including reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

5. Providing declaratory relief for the Plaintiff and the Class by stating that the Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201; and

6. Awarding the Plaintiff and the Class any such other and further relief as this Court may deem just and proper.

Dated:  December 11, 2023

Respectfully submitted,
**STEIN SAKS, PLLC**
*/s/ PeterPaul Shaker*
By: PeterPaul Shaker, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: 201-282-6500
Fax: 201-282-6501
pshaker@steinsakslegal.com
*Counsel for Plaintiff Samuel Felberbaum*